UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL STERLING,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | No. CV 12-913 AGR<br><br>MEMORANDUM OPINION AND ORDER |

      Plaintiff Cecil Sterling filed a complaint on June 15, 2012. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on July 9 and 13, 2012. (Dkt. Nos. 8, 9.) The parties filed a Joint Stipulation ("JS") on December 31, 2012, that addressed the disputed issues in the case. The Commissioner filed the certified administrative record ("AR"). The court has taken the Joint Stipulation under submission without oral argument.

      Having reviewed the entire file, the court reverses and remands this matter to the Commissioner for proceedings consistent with this opinion.

# I.
# **PROCEDURAL BACKGROUND**

On April 13, 2009, Sterling filed an application for supplemental security income benefits, alleging an onset date of November 1, 2002.[1] AR 10. The application was denied initially and upon reconsideration. AR 52-53. Sterling requested a hearing before an ALJ. On January 19, 2011, the ALJ conducted a hearing at which Sterling and a vocational expert ("VE") testified. AR 22-51. On January 25, 2011, the ALJ issued a decision denying benefits. AR 7-18. On March 7, 2012, the Appeals Council denied the request for review. AR 1-3.

# II.
# **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523.

---

[1] Sterling previously filed an application for disability benefits on March 22, 2002. AR 10. The Administrative Law Judge ("ALJ") issued a decision denying benefits on July 23, 2003. AR 10, 54-61. The ALJ found that Sterling's current application alleges new impairments. AR 10.

# III.
# EVALUATION OF DISABILITY

## A.  Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B.  ALJ's Findings

The ALJ found that Sterling has the severe impairments of degenerative disc disease and spondylosis of the cervical spine, cervical myelopathy, chronic radiculopathy in multiple nerve roots on the left side, cervical spine stenosis, status post anterior and posterior cervical spine fusion, headaches, a history of hepatitis C and substance abuse in reported remission.  AR 12.  Sterling has the residual functional capacity ("RFC") to perform light work:  Sterling "is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently.  Out of an 8-hour workday, the claimant is able to stand, walk, and/or sit 6 hours with normal breaks such as every 2 hours and the ability to stand and stretch every hour for 1 to 3 minutes at a time.  The claimant is able to occasional[ly] stoop and bend and he is able to climb stairs.  The claimant cannot climb ladders, work at heights, or balance.  He is able to reach above shoulder level occasionally and he can do occasional neck motion, but he should avoid extremes of motion.  His head should be held in a comfortable position most of the time.  The claimant is able to perform occasional forceful gripping, grasping, twisting, and turning with his left non-dominant hand.  There is no limitation on his right hand."  AR 13.

The ALJ found that Sterling is capable of performing past relevant work as a care provider, as actually performed.[2]  AR 17-18.

### C. Past Relevant Work

"At step four of the sequential analysis, the claimant has the burden to prove that he cannot perform his prior relevant work 'either as actually performed or as generally performed in the national economy.'" *Carmickle v. Commissioner of the SSA*, 533 F.3d 1155, 1166 (9th Cir. 2008) (citation omitted).  Past relevant work is work that the claimant has done within the past 15 years, that was substantial gainful activity, and that lasted long enough for the claimant to learn to do it.  20 C.F.R. § 404.1560(b)(1).

"Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion."  *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001).  The ALJ must make "specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." *Id.* at 845; Social Security Ruling ("SSR") 82-62.[3]  The Dictionary of Occupational Titles ("DOT") is "'the best source for how a job is generally performed.'" *Carmickle*, 533 F.3d at 1166 (citation omitted).

The ALJ found that Sterling is capable of performing past relevant work as a care provider, as actually performed.  AR 17-18.  Sterling argues that the DOT describes the care provider job as being at the medium exertional level.  JS 4-5 (citing DOT 354.377.014).)  However, the ALJ did not find that Sterling was capable of returning to

---

[2]  The ALJ also made a finding that Sterling could perform his past relevant work as a laborer.  AR 17.  However, the ALJ's discussion under that heading does not mention the laborer job.  AR 17-18.  The court assumes that the reference to a laborer is a typographical error.

[3]  Social Security rulings do not have the force of law.  Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations."  *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

his past relevant work as generally performed, but rather as he actually performed it. AR 17-18. The ALJ found that Sterling actually performed the care giver job at the light level of exertion. AR 18. The VE confirmed that Sterling could not perform the job of care giver as generally performed. AR 49.

Sterling argues that the DOT job description would require him to perform work inconsistent with his RFC.[4] According to Sterling, the DOT job description would require frequent gripping, grasping, twisting and turning with both hands, and would require him to perform any combination of the following tasks:

> Changes bed linens, washes and irons patient's laundry, and cleans patient's quarters. Purchases, prepares, and serves food for patient and other members of family, following special prescribed diets. Assists patients into and out of bed, automobile, or wheelchair, to lavatory, and up and down stairs. Assists patient to dress, bath, and groom self. Massages patient and applies preparations and treatments, such as liniment or alcohol rubs, and heat-lamp stimulation. Administers prescribed oral medications under written direction of physician or as directed by home care nurse. Accompanies ambulatory patients outside home, serving as guide, companion, and aide. Entertains patient, reads aloud, and plays cards or other games with patient. Performs variety of miscellaneous duties as requested, such as obtaining household supplies and running errands. May maintain records of services performed and of apparent condition of patient. May visit several households to provide daily health care to patients.

(DOT 354.377-014.)

Sterling stated that his work as care giver consisted of cooking, cleaning, running errands, and helping with bathroom use for his disabled brother. AR 137. In an 8-hour workday, Sterling estimated he walked, stood and sat for three hours each, climbed for

---

[4] Sterling argues he "may have had accommodations to perform this job at the light level." JS at 6. Sterling does not state that he actually had any accommodations and his argument is wholly speculative.

one hour, and reached for three hours. *Id.* Sterling testified he stopped doing that work because of his neck pain and because he could no longer help his brother. AR 26.

Sterling argues his care giver job required frequent reaching and handling, whereas the ALJ's RFC limited him to "reach above shoulder level occasionally." AR 13. The Commissioner defines "occasionally" as "from very little up to one-third of the time," *i.e.*, "no more than about 2 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251 at *5. "Reaching" is defined as "[e]xtending hand(s) and arm(s) in any direction." JS at 12 (citing Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, Appendix C); SSR 85-15, 1985 WL 56857 at *7.

Sterling described his care giver job as consisting of three hours of reaching, which is more than occasional. AR 137. To the extent the Commissioner argues that the word "reaching" does not necessarily require overhead reaching, this argument was addressed in *Prochaska v. Barnhart*, 454 F.3d 731 (7th Cir. 2006). In *Prochaska*, the claimant argued her RFC included a limitation that she could "occasionally reach above shoulder level" whereas the job identified by the VE required "reaching" frequently under the DOT. *Id.* at 736. The Seventh Circuit concluded that "there is an unresolved potential inconsistency in the evidence that should have been resolved." *Id.* "It is not clear to us whether the DOT's requirements include reaching above shoulder level, and this is exactly the sort of inconsistency the ALJ should have resolved with the expert's help." *Id. Prochaska*'s language was quoted by the Ninth Circuit in *Massachi v. Astrue*, 486 F.3d 1149, 1153 & n.13 (9th Cir. 2007); *see also Mkhitaryan v. Astrue*, 2010 WL 1752162, *3 (C.D. Cal. 2010) ("As defined in the [Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles], the plain meaning of 'reaching' encompasses above-the-shoulder reaching."). Here, the conflict arises between the RFC and the requirements of the care giver job as actually performed by Sterling. This matter must be remanded for further proceedings at step four and, if appropriate, step five of the sequential analysis.

## IV.
## **CONCLUSION**

IT IS HEREBY ORDERED that the Commissioner's decision is reversed and the matter remanded for further proceedings at step four and, if appropriate, step five of the sequential analysis.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: February 15, 2013

ALICIA G. ROSENBERG
United States Magistrate Judge